UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KENNETH KOVALESKI ON**
**BEHALF OF KEVIN WATERS,**

    **Plaintiff,**

v.

    **Civil Action 2:09-cv-00473**
    **Judge Michael H. Watson**
    **Magistrate Judge E.A. Preston Deavers**

**JOHNSON AND JOHNSON COMPANY,**
*et al.*,

    **Defendants.**

## OPINION and ORDER

### I.  INTRODUCTION

    This matter is before the Court for consideration of Plaintiff's Motion to Designate Certain Experts Out of Time and to Continue Response to Motion for Summary Judgment (ECF No. 44).  Plaintiff specifically requests leave to designate four primary experts in this case.  Plaintiff cites his recent retention of a new law firm, Heygood, Orr, and Pearson, and their familiarity with these experts, as good cause for the allowance of designating experts out of time.  In the alternative, Plaintiff requests that the Court allow him to designate three of his experts as rebuttal experts.  For the reasons that follow, Plaintiff's Motion to Designate Certain Experts Out of Time and to Continue Response to Motion for Summary Judgment (ECF No. 44) is **DENIED**.

### II.  BACKGROUND

    Plaintiff brings this action against Defendants for wrongful death, product liability, and punitive damages arising out of the death of Kevin Walters.  (Compl. ¶ 1.)  Plaintiff specifically maintains that a defective Fentanyl pain patch caused Mr. Walter's death.  (*See id.* at ¶¶ 39–63.)

Magistrate Judge Terence P. Kemp held an initial pretrial conference on October 29, 2009 and issued a Preliminary Pretrial Order on November 2, 2009. (ECF No. 13.) The Order set Plaintiff's primary expert disclosure for July 1, 2010; Defendants' expert disclosures for September 1, 2010; and rebuttal expert identification for October 1, 2010. (*Id.* at 2–3.) Additionally, the Order required the parties to file any dispositive motions on or before February 1, 2011, and established March 1, 2011 as the deadline for the parties to complete discovery. (*Id.* at 2.) The District Judge subsequently set trial for September 19, 2011.

On July 2, 2010, the parties jointly moved for extensions of time to the expert disclosure deadlines. (ECF No. 22.) The Court granted the parties requests and extended Plaintiff's primary expert disclosure deadline until September 1, 2010; Defendants' primary expert disclosure deadline until November 1, 2010; and the rebuttal expert disclosure deadline until December 1, 2010. Plaintiff moved for an additional extension of the expert deadlines on August 30, 2010 (ECF No. 24), which Defendants did not oppose. The Court also granted this motion, extending Plaintiff's primary expert disclosure deadline until October 1, 2010; Defendants' primary expert disclosure deadline until December 1, 2010; and the rebuttal expert disclosure deadline until January 10, 2011. (ECF No. 25.)

Within the expert disclosure time-frame, both parties identified experts. Plaintiff designated Barry B. Logan, Ph.D., a toxicologist, as his primary expert. (Mot. Designate Experts 2, ECF No. 44.) Dr. Logan has opined that Mr. Waters' Fentanyl concentration was at a toxic level. (*Id.*) Defendants responded by designating six experts from various fields. (*Id.*; Br. Opp'n 3, ECF No. 47.) Some of these experts opined that the Fentanyl patch at issue was not defective. (Br. Opp'n 3, ECF No. 47.) Plaintiff then identified Leslie Friedman, M.D., a neurologist, as a rebuttal expert. (*Id.* at 3.) Dr. Friedman opined, in response to Defendants'

2

experts, that in her opinion Mr. Waters did not die from sudden unexplained death from epilepsy. (*See* Aff. Friedman, ECF No. 46-3.)

On January 24, 2011, Plaintiff retained Heygood, Orr, and Pearson ("HOP") to assist its current counsel.[1]  (Mot. Designate Experts 3, ECF No. 44.)  Also on January 24, 2011, James C. Orr, an HOP attorney, notified counsel for Defendants that Plaintiff intended to seek leave to designate experts out of time in this case.  (*Id.*; Decl. Miller ¶ 2, ECF No. 44-1.)  Defendants filed a Motion for Summary Judgement (ECF No. 40) on January 27, 2011.  In the Motion, Defendants maintain that Plaintiff cannot establish a prima facie case of product liability because he has failed to produce any expert testimony regarding the existence of a product defect.[2] (Defs.' Mot. Summ. J. 1, ECF No. 40.)

Plaintiff filed his current Motion to Designate Certain Experts Out of Time on February 10, 2011.  Plaintiff specifically requests leave to designate J.C. Upshaw Downs, M.D.; Mark Prausnitz, Ph.D.; James C. Morrison; and Joseph Stojak as experts.  (Mot. Designate Experts 1, ECF No. 44.)  If allowed, Plaintiff's experts would offer opinions on a variety of topics including whether the Fentanyl patch involved in this case was defective.  (*See id.* at 4–6.)  Although Plaintiff does not dispute that the expert designation deadlines have passed, he maintains that extension is justified because he only recently retained HOP to assist in this litigation.  (*Id.* at 1,7.)  Plaintiff further maintains that HOP is highly experienced in the subject matter of this

---

[1]  It appears from the briefing that HOP represented Trish Kovaleski, Mr. Waters' daughter and Plaintiff's wife, for a period of several month beginning in May 2008.  (*See* ECF 47-1.)  Based on the representations of Plaintiff and his attorneys, however, HOP has had no prior involvement in this particular lawsuit.

[2]  On February 1, 2011 Plaintiff also filed a Motion for Summary Judgment (ECF No. 41), in which he contends that liability for product defect may be determined on the basis of circumstantial evidence.

lawsuit and has frequently designated these experts in similar lawsuits. (*Id.*) According to Plaintiff, the testimony of these experts would assist the jury in understanding the issues of the case. (*Id.* at 2.) Additionally, Plaintiff asserts that out of time designation would not prejudice Defendants because they are familiar with these experts and have deposed them on numerous occasions.[3] (*Id.* at 2–4, 8.) Plaintiff also maintains that because trial is over seven months away, adequate time still remains to conduct any necessary discovery related to the potential experts.[4] (*Id.* at 8.) Finally, Plaintiff requests, in the alternative, that the Court allow Plaintiff to designate Drs. Downs and Prausnitz, as well as Mr. Stojak, as rebuttal experts. (*Id.* at 8–9.) Plaintiff contends that since only a short time has passed since the rebuttal expert designation deadline, Defendants would not be prejudiced by such relief. (*Id.*)

Defendants oppose Plaintiff's Motion to Designate Certain Experts Out of Time. They emphasize that Plaintiff has had ample time to designate experts and in fact chose to do so. (Br. Opp'n 1–3, ECF No. 47.) Defendants also contend that they would be prejudiced if the Court allows extension. (*Id.* at 4–5.) Specifically, Defendants maintain that if the Court allows Plaintiff to designate experts out of time they will be forced to expend additional resources identifying new experts or revising their current expert opinions. (*Id.*) Moreover, Defendants contend that Plaintiff is being unrealistic in estimating that the trial date would not change because the parties would have to identify new experts and/or submit revised opinions, depose new experts, revisit summary judgment briefing, and conduct trial preparation. (*Id.*)

---

[3] Plaintiff also notes that Defendants have significant experience litigating against HOP. (Mot. Designate Experts 3, ECF No. 44.)

[4] If the Court permits the designations, Plaintiff represents that he can produce expert reports within ten (10) days and produce experts for deposition within thirty (30) days. (Mot. Designate Experts 8, ECF No. 44.)

### III.  APPLICABLE LAW

Through his Motion to Designate Certain Experts Out of Time, Plaintiff is ultimately asking the Court to adjust its Preliminary Pretrial Order made pursuant to Federal Rule of Civil Procedure 16.  Under Rule 16(b)(4), the Court will modify its scheduling order "only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The Court has considerable discretion in considering motions to amend its case schedule.  *See Commerce Benefits Group, Inc. v. McKesson Corp.*, 326 F. App'x 369, 377 (6th Cir. 2009) (applying abuse of discretion standard).

In determining whether good cause exists, the primary consideration "is the moving party's diligence in attempting to meet the case management order's requirements."  *Commerce Benefits Group*, 326 F. App'x at 377 (internal quotations omitted) (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir.2002)); *see also Leary  v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) ("But a court choosing to modify the schedule upon a showing of good cause, may do so only 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'") (citing the 1983 Advisory Committee notes to Fed. R. Civ. P. 16).  Additionally, the Court must also consider "potential prejudice to the nonmovant . . . ."  *Leary*, 349 F.3d at 909.  Nevertheless, even if amendment would not prejudice the nonmoving party, Plaintiff must still provide good cause for failing to move to amend by the Court's deadline.  *Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 450 (6th Cir. 2010); *see also Wagner v. Mastiffs*, Nos. 2:08-cv-431, 2:09-cv-0172, 2011 WL 124226, at *4 (S.D. Ohio Jan. 14, 2011) ("[T]he absence of prejudice to the opposing party is not equivalent to a showing of good cause.")

### IV.  ANALYSIS

The Court finds that Plaintiff has failed to demonstrate good cause for amending the

Court's pretrial schedule and allowing expert designation out of time.  Plaintiff's briefing in this matter focuses primarily on the issue of prejudice to Defendants as well as the beneficial nature of the expert opinions he wishes to offer.  Although prejudice is certainly one factor in the Court's consideration, the primary factor remains the diligence of the moving party.  In this case, the Court has given the parties more than adequate time to disclose their experts, including an additional three months beyond the deadline established by the original case schedule.  Plaintiff was aware of the expert deadlines and chose to designate both a primary and rebuttal expert.  Plaintiff now seeks to designate experts over four months after the primary expert deadline and one month after rebuttal experts were due.

The reason Plaintiff sets forth to justify his delay is that he recently retained new counsel to assist in this litigation.  Plaintiff offers no legal authority, however, supporting the notion that a party's retention of additional counsel qualifies as good cause for purposes of Rule 16(b).  In fact, various district courts that have considered similar issues have reached the opposite conclusion.  *See Petter Invs., Inc. v. Hydro Eng'g, Inc.*, No. 1:07-CV-1033, 2009 WL 2175765, at *2 (W.D. Mich. July 21, 2009) ("[N]ew counsel's disagreement with strategic decisions made by [] previous counsel is not good cause to reopen discovery or extend various deadlines . . . ."); *Adams v. Sch. Bd. of Hanover Cnty.*, No. 3:05CV310, 2008 WL 5070454, at *4 (E.D. Va. Nov. 26, 2008) ("The arrival of new counsel . . . does not entitle parties to conduct additional discovery or otherwise set aside valid and binding orders of the court, regardless of the efficacy of any new strategy counsel seeks to follow."); *Kenny v. Cnty. of Suffolk*, No. CV 05-6112, 2008 WL 4936856, at *1 (E.D.N.Y. Nov. 17, 2008) ("Incoming counsel is bound by the actions of his or her predecessor, and to hold otherwise would allow parties to create good cause simply by switching counsel.") (internal quotation omitted).  Here, Plaintiff had ample opportunity to

designate his experts within the considerable time the Court allotted. Plaintiff's belated retention of additional counsel does not open the door for a new case schedule so that Plaintiff may implement a different expert-witness strategy. Consequently, based on the circumstances of this case, the Court finds that Plaintiff has failed to exhibit the diligence required under Rule 16(b)'s good cause strategy.

Furthermore, the Court finds that allowing Plaintiff to designate primary experts at this stage would prejudice Defendants. The dispositive motions deadline in this case has passed and the discovery period will conclude on March 1, 2011. Based on the experts that Plaintiff did choose to designate timely, Defendants moved for summary judgment, maintaining that Plaintiff failed to present expert evidence on product defect. (*See* mot. Summ. Judg., ECF No. 40.) Plaintiff admits that allowing him to designate the four additional experts, who would provide opinions on product defect, would moot Defendants' Motion for Summary Judgment.[5] (Mot. Designate Experts 7, ECF No. 44.) Furthermore, even assuming that Defendants have extensive knowledge regarding the basic opinions of the four experts, they would still have to expend additional time and resources deposing these experts as to the circumstances of this specific case.[6]

Finally, Plaintiff requests, in the alternative, that he be allowed to designate three of his experts as rebuttal experts. Nevertheless, Plaintiff has also failed to demonstrate the good cause necessary for the Court to adjust its rebuttal expert deadline. The designation of rebuttal experts

---

[5] Nothing in this Opinion and Order should be construed as a conclusion regarding the ultimate merits of Defendants' Motion for Summary Judgment.

[6] The Court also finds it likely that allowing Plaintiff to designate primary experts would force the Court to alter the September 2011 trial date that the District Judge previously set.

would result in less prejudice to Defendants than designation of primary experts.[7]  Plaintiff, however, must still demonstrate diligence in attempting to meet the Court's deadlines.  *See Korn*, 382 F. App'x 443, 450 (6th Cir. 2010) ("To satisfy the *Leary* standard, [a plaintiff] must also explain why he failed to move for the amendment at a time that would not have required a modification of the scheduling order.").  Plaintiff brings this Motion a month after the rebuttal expert deadline, which the Court had already extended twice previously.  Once again, his only excuse for delay is the retention of a new law firm.  For the reasons described above, the Court concludes that this is not an adequate showing of diligence for the purposes of Rule 16(b).

## V.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Designate Certain Experts Out of Time and to Continue Response to Motion for Summary Judgment (ECF No. 44) is **DENIED**.

**IT IS SO ORDERED.**

February 25, 2011 　　　　　　　　　　　　　　　　　　/s/ *Elizabeth A. Preston Deavers*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Elizabeth A. Preston Deavers
　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[7] Although Defendants would still likely have to depose the experts.